## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERATION FOR AMERICAN IMMIGRATION REFORM, 25 Massachusetts Ave., NW, Suite 330, Washington, D.C. 20001, | ) ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT 500 12th Street, SW, Washington, D.C. 20536, | ) ) ) ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil Action No.

## COMPLAINT

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action against the U.S. Immigration and Customs Enforcement ("ICE") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.       Plaintiff FAIR ("Plaintiff") is a non-profit educational foundation organized under the laws of the District of Columbia and having its principal place of business at 25

Massachusetts Ave., NW, Suite 330, Washington, DC  20001. Plaintiff seeks to educate the

citizenry on and increase public awareness of immigration issues, and hold the nation's leaders

accountable for enforcing the nation's immigration laws. In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and

offices, and disseminates its findings to the public.

4.      Defendant ICE is an agency of the U.S. Government and is headquartered at 500

12th Street, SW, Washington, D.C. 20536. ICE has possession, custody, and control of certain

public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On July 18, 2017, Plaintiff submitted a FOIA request by email to ICE seeking

access to the following public records:

1)      Any and all records of the number of instances Immigration and Customs
        Enforcement (ICE) has "thwart[ed] attempts by other parties to manipulate its
        worksite enforcement activities for illicit or improper purposes" as referenced in
        the agency's Revised Memorandum of Understanding between the Departments
        of Homeland Security and Labor Concerning Enforcement Activities at Worksites
        and its accompanying addendum (collectively, the "Memorandum").[1]
        a.      It is also requested that ICE include any details with regards to each
                attempt made.

2)      Any and all records of the number of "tips and leads" it has received concerning
        worksite enforcement actions "motivated by an improper desire to manipulate a
        pending labor dispute, retaliate against employees for exercising labor rights, or
        otherwise frustrate the enforcement of labor laws."[2]
        a.      It is also requested that ICE include any details with regards to each tip
                and lead received.

3)      Any and all records of the number of instances where parole and/or deferred
        action has been granted, or recommended to be, in relation to the Memorandum.
        a.      It is also requested that ICE include any details with regards to the reason
                and/or nature of each grant or recommendation.

---

[1] Page 2 of *Revised Memorandum*. Found *here*: https://www.dol.gov/asp/media/reports/DHS-DOL-MOU.pdf. *See* also, *Addendum to the Revised Memorandum of Understanding between the Departments of Homeland Security and Labor Concerning Enforcement Activities at Worksites*. Found *here*: https://www.dol.gov/sites/default/files/documents/MOU-Addendum.pdf.
[2] *Ibid*.

4)      Any and all records of the number of visas issued to, recommended for, or sought on behalf of witnesses covered by the Memorandum.
   a.      It is also requested that ICE include any details with regards to the reason and/or nature of each issuance or recommendation.

5)      Any and all records of communication, including, but not limited to emails, between March 15 and May 31, 2016, to and/or from former ICE Director Sarah Saldana and fellow Memorandum signatories: Patricia Smith (DOL), Jenny Yang (Equal Employment Opportunity Commission), Richard Griffin (National Labor Relations Board).

6.      Plaintiff received an acknowledgement letter dated August 24, 2017, from ICE assigning the FOIA request the tracking number 2017-ICFO-40869.

7.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), ICE was required to determine whether to comply with Plaintiff's FOIA request within twenty (20) working days after receipt of each request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, ICE's determination of Plaintiff's FOIA request was due by August 16, 2017, at the latest.

8.      As of the date of this Complaint, ICE has failed to: (i) determine whether to comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determinations or the reasons for such determinations; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9.      Because ICE has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to the FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to the request, pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
(Violation of FOIA, 5 U.S.C. § 552)

10.      Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11.     Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request, and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  March 20, 2018                              Respectfully submitted,

/s/ Julie B. Axelrod
D.C. Bar No. 1001557
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
Telephone: 202-232-5590
FAX (202) 464-3590
Email: jaxelrod@irli.org